UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL D. BARZE                                CIVIL ACTION

VERSUS                                          NUMBER: 08-5152

JUDGE BRUCE BENNETT, ET AL                      SECTION: "B"(1)


**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. § 1983, pro se plaintiff, Darrell Barze, has filed the above-captioned matter in forma pauperis against defendants, Twenty-First Judicial District Court Judge Bruce Bennett and Jeffrey Johnson, Assistant District Attorney for the Twenty-First Judicial District Court.

Plaintiff, who is presently incarcerated in the Tangipahoa Parish Jail, complains that defendants violated his right to a fair trial "by not accepting [his] excuse for missing court."[1] Plaintiff explains that in January, 2008, he was admitted into the "St. Charles Mental Health Unit" and, as a result, missed his February 13, 2008 court date.[2] He alleges that defendants, rather than accepting plaintiff's medical excuse, "disregarded" his "papers stating [his] condition and illness" and placed him in jail where he remains falsely imprisoned since the length of his incarceration

---

[1]Federal rec., doc. 1, p. 4.

[2]Id.

exceeds the statutory penalty for defendant's "failure to appears [sic]".[3] In relief, plaintiff seeks to have this court "dismiss all pending charges" and allow him to return to a "mental unit ... to recieve [sic] the proper treatment that I need."[4]

Initially, the court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. § 1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828, 108 L.Ed.2d 957 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

---

[3]Id.

[4]Federal rec., doc. 1, p. 5.

Plaintiff alleges that he was placed in jail without a fair trial and remains incarcerated despite the fact that he has served the sentence associated with the charge of failure to appear in court. Such allegations clearly challenge the fact and duration of plaintiff's confinement, a proper habeas corpus issue which cannot be addressed until plaintiff has exhausted available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so it should be dismissed without prejudice for failure to exhaust available state court remedies.

The court must now determine whether any viable § 1983 claims are raised by plaintiff's complaint. Both defendants, Judge Bruce Bennett and Assistant District Attorney Jeffrey Johnson, are entitled to absolute judicial and prosecutorial immunity here. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Beck v. Texas State Bd. Of Dental Examiners, 204 F.3d 629, 634 (5th Cir.), cert. denied, 531 U.S. 871, 121 S.Ct. 171, 148 L.Ed.2d 117 (2000). Further, unless and until plaintiff is able to have his confinement invalidated by an appropriate state or federal tribunal, he has no § 1983 cause of action for the improprieties of which he complains herein. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's § 1983 claims should thus be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be

construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's § 1983 claims be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of December, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**