```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DARRELL BARZE**                                              CIVIL ACTION

**VERSUS**                                                     **NO. 08-5152**

**BRUCE BENNETT & JEFF JOHNSON,**
**JUDGE & ASSISTANT DISTRICT ATTORNEY**                        SECTION "B"
**FOR THE TWENTY-FIRST JUDICIAL DISTRICT**

## ORDER AND REASONS

**IT IS ORDERED** that petitioner's objections, Rec. Doc. 8, to the Magistrate Judge's Report and Recommendation, Rec. Doc. 7, are **OVERRULED**; **FURTHER ORDERED** that said Report and Recommendation are **ADOPTED** as the opinion of the Court.

### Nature of Motion:

On January 12, 2009, petitioner Darrell Barze filed a timely objection to Magistrate Judge Shushan's Report and Recommendation. (Rec. Doc. 8 at 1-4). The Magistrate Judge recommended that Barze's 42 U.S.C.A. § 1983 civil rights complaint, insofar as it could be construed as a request for habeas corpus relief under 28 U.S.C.A. § 2254, should be dismissed without prejudice for failure to exhaust state court remedies. (Rec. Doc. 7 at 3-4).

### Facts of the Case:

On February 13, 2008, petitioner Barze failed to appear for his scheduled court date at the Twenty-First Judicial District Court. (Rec. Doc. 1 at 4). Thereafter, he was arrested and incarcerated. *Id.* On November 21, 2008, petitioner filed a 42

U.S.C.A. § 1983 complaint against Twenty-First Judicial Court Judge Bruce Bennett and Assistant District Attorney for the Twenty-First Judicial District Court Jeff Johnson. (Rec. Doc. 1). Petitioner alleges that respondents Bennett and Johnson violated his constitutional right to a fair trial "by not accepting [his] excuse for missing court" and thereafter imprisoning him. *Id.* at 4.

Petitioner, currently incarcerated at the Tangipahoa Parish Jail, states that he was unable to attend his court date because he was hospitalized in the St. Charles Mental Health Unit from January 2008 until discharge on February 21, 2008; eight days after his February 13, 2008 court date. *Id.* Petitioner alleges that respondents Bennett and Johnson violated his right to a fair trial by disregarding his "papers stating [his] condition and illness" and placing him in jail. *Id.* He contends that his imprisonment is unlawful since the length of his incarceration exceeds the maximum sentence allowed under the statute governing failure to appear. *Id.* Petitioner Barze seeks to have this Court dismiss all charges pending against him and to allow him to seek treatment in a mental health institution where he can receive the treatment that petitioner states he needs. (Rec. Doc. 1 at 5).

**Law and Analysis:**

I. Standard of Review

Upon timely objection to a magistrate judge's report and recommendation, the district court judge "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1)(West 2009). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

    II. Exhaustion of Remedies

When a state inmate attacks the fact or length of his or her incarceration, the appropriate cause of action is a petition for habeas corpus relief even if the allegations might otherwise be sufficient to state a cognizable claim under 42 U.S.C.A. § 1983. (Rec. Doc. 7 at 3 (citing *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982))). Under federal law, a state prisoner claiming habeas corpus relief must first exhaust all available state court remedies before pursuing relief in federal court. 28 U.S.C.A. § 2254(b)(1)(West 2009). Section 2254(b)(1) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. *Id.*

Furthermore, before any cause of action may be heard, petitioner must first exhaust administrative remedies. La. Rev.

Stat. Ann. § 15:1176 (2009). The administrative and state court remedy exhaustion requirement applies to both pre-trial and post-conviction habeas corpus petitions. (Rec. Doc. 7 at 2 (citing *Rose v. Lundy*, 455 U.S. 509 (1982))). The requirement is only met where the prisoner has presented his or her grounds for federal habeas corpus relief to the state's highest court. *See Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988).

### III. Petitioner Has Failed to Exhaust State Court Remedies

Petitioner Barze contends that he was incarcerated without a fair trial and continues to be unlawfully imprisoned despite the fact that he has served the maximum amount of time statutorily permitted for failure to appear. (Rec. Doc. 1 at 4). Whether an inmate is properly incarcerated and whether the duration of incarceration is lawful are both proper habeas corpus issues. (Rec. Doc. 7 at 3 (citing *Caldwell*, 679 F.2d at 496)). Petitioner Barze challenges both the fact *and* duration of his imprisonment. (Rec. Doc. 1 at 1-6). These are proper habeas corpus issues that cannot be addressed until petitioner has exhausted state court remedies. (Rec. Doc. 7 at 3 (citing *Caldwell*, 679 F.2d at 496)).

Petitioner Barze has failed to demonstrate that he has exhausted the remedies available to him in state court. (*See generally* Rec. Docs. 1 and 8-10). The federal record similarly does not contain any indication that petitioner has exhausted these remedies. (*See generally* Rec. Docs. 1 and 7-10). Petitioner Barze

states in his 42 U.S.C.A. § 1983 complaint that Tangipahoa Parish Jail does not have an institutional prisoner grievance procedure, but that he has presented the facts relating to his complaint and medical records documenting his hospitalization to the state prisoner grievance authorities. (Rec. Doc. 1 at 3). In his complaint, Barze states that he was unsuccessful in obtaining administrative relief through the institutional prisoner grievance procedure because a representative for the state prisons stated that petitioner's complaint "was none of his concern of business." *Id.*

On November 21, 2008, the U.S. District Court for the Middle District of Louisiana granted petitioner Barze's motion to proceed *in forma pauperis*. (Rec. Doc. 2 at 1-5). On December 8, 2008, pursuant to 28 U.S.C.A. §§ 1391(b), 1404(a), and 1406(a), the U.S. District Court for the Middle District of Louisiana transferred petitioner Barze's case to the U.S. District Court for the Eastern District of Louisiana. (Rec. Doc. 3 at 1). The matter was referred to Magistrate Judge Shushan. (Rec. Doc. 7 at 1-4).

Upon review of the record, the Magistrate Judge determined that the matter could be disposed of without an evidentiary hearing, and recommended that the habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. *Id.* at 3-4. The Magistrate Judge also recommended that Barze's 42 U.S.C.A. § 1983 complaint be dismissed with prejudice

5

because Judge Bennett and Assistant District Attorney Johnson are entitled to absolute judicial and prosecutorial immunity. (Rec. Doc. 7 at 3-4 (citing *Stump v. Sparkman*, 435 U.S. 349 (1978); *Imbler v. Pachtman*, 424 U.S. 409 (1976))). Further, petitioner's confinement has not been invalidated by any state or federal tribunal, which is a prerequisite for a viable 42 U.S.C.A. § 1983 cause of action. (Rec. Doc. 7 at 3 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994))).

In addition to petitioner Barze's initial letter objecting to Magistrate Judge Shushan's Report and Recommendation, Barze sent additional letters to the U.S. District Court for the Eastern District of Louisiana on February 10, 2009 and March 17, 2009 requesting a change of venue. (Rec. Doc. 9, at 1-2; Rec. Doc. 10 at 1-2). Petitioner Barze contends that Judge Bennett has a conflict of interest because Bennett is the presiding judge in Barze's state criminal case and is a named defendant in Barze's 42 U.S.C.A. § 1983 civil rights complaint. *Id.*

Petitioner's letter, insofar as it is construed by this Court as a 28 U.S.C.A. § 2254 petition for habeas corpus relief, is hereby **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to exhaust available state court remedies. Additionally, petitioner Barze's 42 U.S.C.A. § 1983 complaint is **DISMISSED WITH PREJUDICE** due to the absolute judicial and prosecutorial immunity shielding respondents Bennett and Johnson, and because no tribunal has

6

invalidated petitioner's confinement. On remand, the state court should determine (1) whether the duration of petitioner's incarceration is in violation of the law penalizing an individual's failure to appear in court; and (2) whether petitioner's request for change of venue (or recusal of the presiding judge) is proper.

New Orleans, Louisiana, this 8th day of June, 2009.

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**